**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 24-1917-JFW(BFMx)** | Date:  April 10, 2024 |

Title:   Willco Liu -v- Mercedes-Benz USA, LLC, et al.

**PRESENT:**
   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                                         **None Present**
   **Courtroom Deputy**                                                    **Court Reporter**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**                **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                                                                      None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On January 29, 2024, Plaintiff Willco Liu ("Plaintiff") filed a Complaint against Defendant Mercedes-Benz USA, LLC ("Defendant").  On March 8, 2024, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332(a).  In this case, Defendant has failed to adequately allege that the amount in controversy exceeds $75,000.  In the Notice of Removal, Defendant alleges that the amount in controversy exceeds $75,000 "because Plaintiff requests that the California Emissions Warranty be altered for more than tens of thousands of vehicle owners and lessees, [and, thus,] it is plausible that the requested expansion of the California Emissions Warranty puts at issue an amount far in excess of $75,000."  Notice of Removal, ¶ 12.  However, the injunctive relief sought by Plaintiff in the

Complaint is limited to Plaintiff's 2018 Mercedes-Benz E300 VIN #WDDZF4J136JA479331 ("Subject Vehicle"), and Defendant admits that the estimate to repair the Subject Vehicle is only $17,052.13, which is well below the $75,000 amount in controversy.

In addition, even if the injunctive relief is not limited to the Subject Vehicle, Defendant has still failed to demonstrate that the amount in controversy requirement has been met.  Generally, where a plaintiff sues as an individual, the value of that injunctive relief may be considered from the viewpoint of the plaintiff (*i.e.*, the significance of the injunction to the plaintiff) or from the viewpoint of the defendant (*i.e.*, the cost of the injunction to the defendant).  *See In re Ford Motor Co.*, 264 F.3d 952, 958 (9th Cir. 2001).  In a class action, a court may consider the cost of complying with the injunction for all class members only when their claims may be aggregated, and class members' claims "may only be aggregated for amount of controversy when those claims are not separate and distinct; that is, when they represent a single title or right in which there is a common and undivided interest."  *Snyder v. Harris*, 394 U.S. 332, 335 (1969).  Although this is not a class action, courts have concluded that California Business & Professions Code § 17200, *et seq*., claims are similar to class action claims and should be treated as such.  *See, e.g., Doe v. Aetna, Inc.*, 2018 WL 1614392 (N.D. Cal. Apr. 4, 2018); *see also Garcia v. America First Finance, LLC*, 2023 WL 7116719 (E.D. Cal. Oct. 27, 2023); *Jaimes v. American First Finance LLC*, 2023 WL 6783774 (N.D. Cal. Oct. 12, 2023);  *Enriquez v. Sirius XM Radio, Inc.*, 2022 WL 4664144 (E.D. Cal. Sept. 30, 2022).  However, Defendant has failed to demonstrate that without aggregation, the amount in controversy requirement has been met.

Accordingly, Defendant is hereby ordered to show cause, in writing, no later than **April 15, 2024**, why this Court has subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  If the parties file a stipulation and proposed order remanding this action to state court, the Court will consider that a satisfactory response to the Order to Show Cause.  Failure to respond to the Order to Show Cause will result in the remand of this action.

IT IS SO ORDERED.