UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 24-1917-JFW(BFMx)**                                     Date: April 25, 2024

Title:   Willco Liu -v- Mercedes-Benz USA, LLC, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
         None                                                                              None

**PROCEEDINGS (IN CHAMBERS):     ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

On January 29, 2024, Plaintiff Willco Liu ("Plaintiff") filed a Complaint against Defendant Mercedes-Benz USA, LLC ("Defendant") in Los Angeles Superior Court alleging causes of action for: (1) violation of California Business & Professions Code § 17200, *et seq*. ("UCL"); (2) violation of California Civil Code § 1750, *et seq*. ("CLRA"); and (3) breach of written contract. In his Complaint, Plaintiff seeks relief related to his 2018 Mercedes-Benz E300 VIN #WDDZF4J136JA479331 (the "Subject Vehicle"). Specifically, Plaintiff alleges that Defendant has violated the California Emissions Warranty because Defendant refuses to cover the cost to repair or replace "cylinder #1" of the Subject Vehicle and a defect or failure of cylinder #1 will cause the "Check Engine" light to illuminate, will cause the Subject Vehicle to fail smog tests, and will cause an increase in regulated greenhouse gases. Plaintiff seeks declaratory and injunctive relief requiring Defendant to cover the cost to repair cylinder #1 under the California Emissions Warranty. On March 8, 2024, Defendant filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

On April 10, 2024, the Court issued an Order to Show Cause Why this Action Should not be Remanded for Lack of Subject Matter Jurisdiction ("OSC"). In the OSC, the Court stated that Defendant had failed to adequately allege that the amount in controversy exceeds $75,000 and ordered Defendant to show why this Court had subject matter jurisdiction. On April 15, 2024, Defendant filed a Response to the Court's OSC.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction

must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). In the Notice of Removal and Response, Defendant argues that the amount in controversy is satisfied because the "value of the object of the litigation" is the purchase price of the Subject Vehicle, or $43,228.20, and Plaintiff "will likely" seek at least $33,750.00 in attorneys' fees. Notice of Removal, ¶ 15; *see also* Response, 5:11-18; *see also Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333 (1977). However, Plaintiff is not seeking restitution of the purchase price of the Subject Vehicle. Instead, Plaintiff is seeking to have Defendant cover the cost of repairing cylinder #1 under the California Emissions Warranty. *See* Complaint, 24:1-25:1. Defendant admits that the estimated cost to repair the Subject Vehicle is only $17,052.13, which is well below the $75,000 amount in controversy. Notice of Removal, ¶ 12; Response, 3:19-21. Accordingly, the Court concludes that Defendant has failed to demonstrate that the amount in controversy exceeds $75,000 with respect to the Subject Vehicle.

In the Notice of Removal and the Response, Defendant also argues that the amount in controversy exceeds $75,000 "because Plaintiff requests that the California Emissions Warranty be altered for more than tens of thousands of vehicle owners and lessees, [and, thus,] it is plausible that the requested expansion of the California Emissions Warranty puts at issue an amount far in excess of $75,000." Notice of Removal, ¶ 12; *see also* Response, 2:28-5:10 ("In fact, because the California Emissions Warranty applies to hundreds of thousands of vehicle owners and lessees in California alone – let alone the 13 other '177 states' – a change in Mercedes-Benz's warranty would apply to hundreds of thousands of individuals costing tens of thousands of dollars (if not more)"). However, Defendant has failed to demonstrate in either the Notice of Removal or the Response, that aggregation of the cost to alter the California Emissions Warranty for "tens of thousands" of vehicle owners and lessees is proper or appropriate. Indeed, in class actions, it is undisputed that a plaintiff's claims are not aggregated to determining the amount in controversy, so long as the class members' claims are separate and distinct. *See In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) ("The equitable relief sought . . . is but a means through which the individual claims may be satisfied"). Although this is not a class action, the majority of courts have found that representative claims, such as Plaintiff's UCL and CLRA claims, should not be aggregated. *See, e.g., Jaimes v. American First Finance LLC*, 2023 WL 6783774 (N.D. Cal. Oct. 12, 2023) (remanding action alleging California UCL claims); *Enriquez v. Sirius XM Radio, Inc.*, 2022 WL 4664144, at *3-5 (E.D. Cal. Sept. 30, 2022) (noting that it was following the majority approach and that "[c]ourts that have examined the issue generally find that because such UCL and CLRA claims seek relief on behalf of numerous individuals, the claims are sufficiently akin to class actions that the prohibition against aggregation . . . will apply); *Doe v. Aetna, Inc.*, 2018 WL 1614392, at *4-6 (N.D. Cal. Apr. 4, 2018) (concluding that "[a]lthough there is common conduct by Aetna, each recipient is harmed individually" and remanding action alleging California UCL claim); *Johnson v. Am. Online, Inc.,* 2002 WL 1268397, at *3 (N.D. Cal. Mar. 21, 2002) (concluding that "the court would have jurisdiction over the Section 17200 claim only if the relief sought exceeded the jurisdictional

minimum measured by one plaintiff's claim" and remanding action).  As one court wisely pointed out, aggregating representative state law claims simply because they are not alleged in a class action "would essentially create federal jurisdiction over any Section 17200 claim between diverse parties, no matter how small the injury to the representative plaintiff.  Such a result is untenable."  *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1233 (N.D. Cal. 2000) (concluding that "the attempted distinction between class actions and section 17200 representative actions was essentially a distinction without a difference . . . Like class actions, claims under section 17200 seek relief on behalf of numerous individuals").  The Court agrees with the majority of cases, and concludes that aggregation is inappropriate in this case.  Because the Court has already determined that, without aggregation, the amount in controversy is less than $75,000, the Court concludes that Defendant has failed to demonstrate that the amount in controversy requirement is satisfied.

For all of the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to the Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.